UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF NEW YORK

**COMPLAINT**

WAYNE SMALLS, ISAIAH SMALLS, )
IMMANUEL SMALLS, SHERENE SMALLS, )
AND SERENA VERONICA SMALLS, )
)
            Plaintiffs, )
)
)
-Against- )
)
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, in its capacity as Trustee for )
Morgan Stanley ABS Capital I, Inc. Trust )
2006-HE5 Mortgage Pass-Through )
Certificates, Series 2006-HE5, and SELECT )
PORTFOLIO SERVICING, as servicer for )
Trust 2006-HE5 Mortgage Pass-Through, )
)
            Defendant. )

CV 22-3211

Index No.: _____

DONNELLY, J.

BLOOM, M.J.

Plaintiffs, by and through counsel CIVIL RIGHTS CONSORTIUM, respectfully allege the following:

**PRELIMINARY STATEMENT**

Plaintiffs bring an action for relief because of the Defendants' fraudulent attempt to take the Plaintiff's real property.

**JURISDICTION**

1.     This Court has diversity jurisdiction over the instant action pursuant to 28 U.S. Code § 1332, where the parties are residents of different states.

## VENUE

2.      Pursuant to 28 U.S.C. § 1391, the venue is proper as the material events have taken place in this judicial district.

## JURY DEMAND

3.      Plaintiff respectfully demands a trial by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

4.      Plaintiff SERENA VERONICA SMALLS is a distributee of the underlying real property which is the subject of the Defendants' Robo-signing fraud.

5.      Plaintiff ISAIAH SMALLS is a distributee of the underlying real property which is the subject of the Defendants' Robo-signing fraud.

6.      Plaintiff IMMANUEL SMALLS is a distributee of the underlying real property which is the subject of the Defendants' Robo-signing fraud.

7.      Plaintiff SHERENE SMALLS is a distribute of the underlying real property which is the subject of the Defendants' Robo-signing fraud.

8.      Plaintiff Wayne Smalls is the record owner of the underlying property which is the subject of the Defendants' Robo-signing fraud.

9.      The Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, in its capacity as Trustee for Morgan Stanley ABS Capital I, Inc. Trust 2006-HE5 Mortgage Pass-Through Certificates, Series 2006-HE5 ("Deutsche Bank") is a co-conspirator to the underlying Robo-signing fraud.

10. The Defendant PORTFOLIO SERVICING, as servicer for Deutsche Bank is a co-conspirator in the underlying Robo-signing fraud.

## FACTUAL BACKGROUND

11. On June 27, 2008, the Plaintiff filed the underlying foreclosure summons and complaint in the County of Queens, City, and State of New York, under Index No. 16129/2008.

12. The Plaintiff, then represented by Steven J. Baum, P.C.[1] alleged in pertinent part,

> THIRD: That as security for the payment of said note WAYNE SMALLS duly executed and delivered a mortgage in the amount of $376,000.00 which mortgage was recorded as follows…Recording Date: April 2, 2007…Instrument Number: 2007000166902…County (or City Register of): QUEENS…Which mortgage was duly assigned by an Assignment dated May 8, 2006 and sent for recording in the Office of the Queens County Clerk…and further assigned by an Assignment dated May 16, 2006 and sent for recording in the office of the Queens County Clerk…

13. According to the City Registrar's Office, on or about May 3, 2006, Mr. Smalls entered into a mortgage ("the Mortgage") with Old Merchants Mortgage, Inc. ("Old Merchants), for the sum of $376,000.

14. As noted in Baum's complaint, the Mortgage, the underlying mortgage was registered under City Registrar Filing Number ("CRFN") 2007000166902.

15. The Mortgage was for the underlying property located at 146-19 183rd Street, Springfield Gardens, New York ("the Premises").

16. While Baum's complaint alleges that the Mortgage was first assigned on May 8, 2006, and sent for recording at the City Registrar, at a minimum that claim is misleading since the first alleged Assignment was not received by the City Registrar until July 2008.

---

[1] Baum P.C. was forced into closure by State and Federal regulators for its practice, which advanced foreclosure litigation based upon Robo-signed assignments, which contained forged information.

17.     Thus, the time between the alleged assignment and the recording thereof was more than two (2) years.

18.     The alleged first assignment, alleges to transfer Old Merchants' interest in the Mortgage to New Century Mortgage Corporation ("New Century").[2]

19.     However, the alleged first Assignment contained forged information. As noted in Baum's complaint, the alleged transfer is alleged to have occurred on May 8, 2006.

20.     Baum's complaint concedes that the Mortgage was recorded on April 2, 2007. Therefore, Old Merchants can't have had that information on May 8, 2006, when it allegedly transferred its interest in the Mortgage to New Century, because that information did not yet exist.

21.     As such, the first alleged Assignment contains forged information citing the Mortgage's 2007 CRFN and date of filing, which again, was not available on May 8, 2006, because that information would not come into existence until effectively a year later.

22.     Similarly, the Plaintiff's successor in interest purports to also emanate from an alleged second assignment, in which New Century assigned its alleged interest in the Mortgage to the Plaintiff, also in a notarized authorization, this one dated May 16, 2006, as noted in Baum's complaint.

23.     Like the first alleged Assignment, the second alleged Assignment contains the same forged information, which again, as in the case of the first alleged Assignment, would not have been known to the affiant at the time of the notarized authorization, because the information would not come into existence until effectively a year later.

---

[2] For purposes of this motion "New Century" also refers to the parent corporation New Century Financial Corporation.

24. That first alleged Assignment was *allegedly* executed in the County of Queens, City, and State of New York.

25. However, the second alleged Assignment, contains the same forgery and handwriting thereof, despite the alleged Assignment having allegedly been from a different company and done in the State of California.[3]

26. Neither of the alleged Assignments was recorded with the City Registrar for approximately two (2) years despite their claims to have down otherwise.

27. The Assignments, Robo-signings, containing forged information, are invalid because of those illegal practices along.

28. However, the parties were driven by two nefarious reasons. First, they are attempts by Old Merchant, New Century, Deutsche Bank, and Morgan Stanley to make it appear that the alleged Assignments were placed into the Plaintiff Trust before it closed on June 30, 2006.

29. Second, Old Merchant, New Century, Deutsche Bank, and Morgan Stanley, were attempting to evade the reach and authority of the Bankruptcy Court for the United States District Court for Delaware, whose authorization New Century required an order authorizing

---

[3] Both Assignments are Robo-signings, created at the height of the nationwide Robo-signing scandal, used by Baum P.C., which was said to be the chief manufacture of Robo-signings in the State of New York (*See Exhibit I* and *Exhibit J*). Moreover, the conspiracy was to make it appear that the assignments occurred before New Century's financial woes, and bankruptcy filings. That is why the forgery is of the same information and has the same handwriting despite both having allegedly been done on two different coasts and by two different companies. Not long after the underlying closing, New Century admitted it lacked liquidity, possessing only $61 million dollars on hand, with billions of dollars in debt obligations, including to the Plaintiff Deutsch Bank and Morgan Stanley. As a result, States' regulatory agencies shut down New Century's operations. Moreover, New Century filed for bankruptcy protection listing the Plaintiffs Deutsch Bank and Morgan Stanley among New Century's creditors, whom New Century could not pay because it lacked the money to do so. The fraudulent alleged Assignments were not bona fide purchases, they were in lieu of the cash New Century owed Deutsche Bank and Morgan Stanley that New Century admitted in its bankruptcy petition that it could not pay. Furthermore, the reality that the assignments are forged instruments is buttressed by the reality that the recordings occurred on July 9, 2008, ahead of the Bankruptcy Court's authorization, confirming New Century's bankruptcy plan and authorization to file the alleged Assignments.

New Century to record the alleged Assignment, and thus alleged transfer of Assets, because all creditors are to be treated fairly; one creditor (i.e., Deutsche Bank and Morgan Stanley) cannot receive more favorable treatment than another except by decision of the Bankruptcy Court and U.S. Trustee.

30. At the time of the alleged closing and transfer, New Century was in such financial distress that in the first quarter of 2007, as many as eight (8) states had stopped New Century from conducting any mortgage practices because of New Century's admissions and filings the year before, about the time of the alleged transfer, that it lacked less than $100 million, and as such, was unable to cover its business operations and pay its debts.

31. As a result of New Century's April 2, 2007, bankruptcy filing, it required authorization from both the U.S. Trustee for the District of Delaware, as well as an order of Bankruptcy Judge Kevin J. Carey for the alleged filing of the alleged assignment. Judge Carey would not issue such authorization until more than a year later, on July 15, 2008, after New Century's recording of the alleged Assignment.

32. In addition to recording a valid Assignment, when the Plaintiff filed for foreclosures, as a matter of law, it was required to file therein, the authorization to do so by Judge Carey, because of the Bankruptcy Court's having taken full control and jurisdiction of New Century.

33. The Plaintiff has never made any such filing or showing of authorization, either for the alleged transfer or the filing of the underlying foreclosure proceedings.

34. Mr. Smalls was later able to hire foreclosure forensic experts that uncovered the within fraud concerning the Plaintiff's Robo-signed forged documents.

35. None of the Defendants is a resident of the State of New York, whereas the Plaintiffs are all residents of the State of New York.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION

**The Plaintiffs bring a claim pursuant to Section 1501(4) of the New York State Real Property Law where Defendants sought to possess the underlying real property by fraudulent means.**

36. Plaintiffs repeat and restate as if stated herein all averments set forth in Paragraphs "1" through "35" above.

37. The Defendants conspired to possess the underlying property, in which the Plaintiffs have an interest, by fraudulent means.

38. Based on fraudulent and prohibited affidavits of assignments, the Defendants' moved to claim possession of the underlying real property and deprive the Plaintiffs of their interest.

### SECOND CAUSE OF ACTION

**The Plaintiffs Assert A New York State Claim to Quiet Title, Where They are in Actual Possession of The Property, Owns Such, And Where There Exists a Removable Cloud on The Title of The Property, Namely, Defendants' Invalid or Inoperative Assignment(s).**

39. Plaintiff repeats and restates as if stated herein all averments set forth in Paragraphs "1" through "38" above.

40. Defendants' Robo fraud assignment, claiming an interest on the property is the underlying property, renders the underlying assignments void in total.

41. State and municipal law require independent perfection of the claimed mortgage and assignment for purposes of an enforceable and non-voidable interest

pursuant to lawful documents.

42. Pursuant to federal law, Section 1641(g) required written notices within 30-days of the alleged assignment for purposes of *notifying* Mr. Wayne Smalls of the purported assignments, for purposes of an enforceable obligation.

43. Mr. Smalls has never received any notice of the alleged assignments, nor have the claimed mortgage and assignment been recorded in more than 14-years.

## THIRD CAUSE OF ACTION
### Plaintiffs Assert State Claims of Adverse Possession.

44. Plaintiff repeats and restates as if stated herein all averments set forth in Paragraphs "1" through "43" above.

45. The Plaintiffs have refused to concede to signing documents providing the Defendants with an interest in the underlying property.

46. Additionally, during all relevant times, the Plaintiffs have actually possessed the Premises and continue to possess the Premises.

47. In possessing the Premises, the Plaintiffs' possession has been open and notorious.

48. The Plaintiffs' possession of the Premises has been exclusive and continuous for more than ten years.

## FOURTH CAUSE OF ACTION

**Plaintiff Assert A State Claim for Breach of Fiduciary Duty against the Defendant Select Portfolio Servicing ("SPS") Where SPS Has Failed to Notify Mr. Smalls of the Alleged Assignments.**

49. Plaintiff repeats and restates as if stated herein all averments set forth in Paragraphs "1" through "48" above.

50. As the alleged servicers of the underlying mortgage, SPS and Mr. Wayne Smalls have a fiduciary relationship.

51. SPS breached its fiduciary duty to Mr. Smalls in failing to inform Mr. Smalls of the underlying assignments within the required statutory period.

52. SPS breached its fiduciary duty to Mr. Smalls by failing to notify Mr. Smalls of the failure to duly assign the underlying mortgage, where the signatures are Robo-fraudulent signatures. The Plaintiffs have been directly damaged by SPS's conduct, wherein absent of a valid assignment and an assignment that is not void, Defendants are not valid payees of the underlying mortgage.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests relief and judgment, as follows:

(a) Awarding compensatory damages of $2,000,000, and punitive damages to be proved at trial;

(b) Awarding extraordinary, equitable, and/or injunctive relief as permitted by law, equity, and the state law, including moving expenses to plaintiffs;

(c) Awarding all the plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

(d) Such other and further relief as this Court may deem just and proper.

Dated: Woodhaven, New York,
       May 26, 2022

*Wayne Smalls, pro se*
Wayne Smalls, pro se

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

2022 MAY 31 PM 9:04

Eastern District of New York

CLERK
U.S. DISTRICT COURT
E.D.N.Y.

WAYNE SMALLS, ISAIAH SMALLS,
IMMANUEL SMALLS, SHERENE SMALLS,
AND SERENA VERONICA SMALLS

*Plaintiff(s)*

v.

Deutsche Bank National Trust Company, etc., et al.,

*Defendant(s)*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Deutsche Bank National Trust Company, 1761 E Saint Andrew Pl Santa Ana, CA, 92705-4934

Select Portfolio Servicing, Inc., 3217 S. Decker Lake Drive, Salt Lake City, UT 84119

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Wayne Smalls
146-19 183rd Street,
Springfield Gardens, New York 11413

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Wayne Smalls, Isaiah Smalls, Immanuel Smalls, Sherene Smalls, and Serena Veronica Smalls

**(b)** County of Residence of First Listed Plaintiff: **Queens County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Plaintiffs, 146-19 183rd Street, Springfield Gardens, New York (347) 419-2557

## DEFENDANTS
Deutsche Bank National Trust Company, Select Portfolio Servicing

County of Residence of First Listed Defendant: **Orange County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

Does this action include a motion for temporary restraining order or order to show cause? Yes [ ] No [ ]

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
|  |  | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** |  |  |
| [x] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332 diversity jurisdiction

Brief description of cause:
Robo-Fraudulent Assingments

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: May 25, 2022

SIGNATURE OF ATTORNEY OF RECORD: *Wayne Smalls, pro se*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __Wayne Smalls, pro se_____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

n/a

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☑ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☐ Yes   ☑ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes   (If yes, please explain   ☑ No

I am a pro se litigant.

I certify the accuracy of all information provided above.

Signature: ___Wayne Smalls, pro se___

Last Modified: 11/27/2017